UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STEVENSON CHARLES,

    Plaintiff,

v.                                                  Case No. 5:22-cv-97-TKW-MJF

PATRICE BARNES, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with a court order and failed to comply with the Local Rules, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On May 9, 2023, the undersigned ordered Plaintiff to file a second amended complaint on the court-approved form. Doc. 28. To assist Plaintiff, the undersigned ordered the clerk of the court to send Plaintiff the court-approved complaint form with this case number written on the form. *Id.* The clerk of the court sent Plaintiff the form. *Id.* (docket entry from clerk "Form sent as ordered."). The undersigned imposed a deadline

of May 30, 2023, for Plaintiff to comply with the order. *Id.* Plaintiff did not comply with that order.

On June 14, 2023, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's order of May 9, 2023. Doc. 35. The undersigned imposed a deadline of June 28, 2023, to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action.

On June 26, 2023, Plaintiff filed a response to the undersigned's order to show cause, but he did not file a second amended complaint. Doc. 37. Although that response did not show good cause, the undersigned afforded Plaintiff yet another opportunity to comply with the undersigned's order of May 9, 2023 because Plaintiff's was proceeding *pro se* and there is a strong policy in favor of deciding issues on the merit. Doc. 38. The undersigned imposed a deadline of July 11, 2023, to comply and again warned Plaintiff that the failure to comply likely would result in the dismissal of this action.

*More than a month after the July deadline*, on August 14, 2023, Plaintiff submitted a handwritten amended complaint that violated the court's order and the Local Rules. Doc. 42. This amended complaint was

not on the court-approved form and did not contain all of the information that is required by the court-approved form. *See id.*

On August 22, 2023, the undersigned ordered Plaintiff to show cause for his failure to comply with the undersigned's order and the Local Rules. Doc. 44. Plaintiff filed a response containing two arguments: (1) he could not comply because this court failed to send him the court-approved complaint form and (2) his handwritten amended complaint contains the necessary information. Doc. 45.

## II. Discussion

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962). Despite having more than three months to comply with the undersigned's order, Plaintiff failed to comply with the

order and failed to comply with the Local Rules.[1] Although Plaintiff filed a response to the undersigned's order to show cause, Plaintiff has not shown good cause for his failure to comply with the undersigned's order of May 9, 2023.

Plaintiff first asserts that he was unable to comply because this court failed to send him a court-approved form. This is not a sufficient basis for failing to comply with the undersigned's order and the Local Rule. On May 9, 2023, the clerk of the court sent Plaintiff a court-approved form with this case number on it. Doc. 28. Plaintiff never returned that form to the court.

Furthermore, even if the clerk of the court had failed to send the form to Plaintiff or Plaintiff lost the form, the court-approved complaint form is "available without charge from the Clerk or on the District's website." N.D. Fla. Loc. R. 5.7(A). Plaintiff does not assert that he was precluded from obtaining the form directly from the clerk's office or from

---

[1] This is not the first time Plaintiff has been dilatory in the prosecution of this action. *See* Doc. 5 (directing Plaintiff to show cause for his failure to comply with the deadline to submit the filing fee); Doc. 12 (directing Plaintiff to show cause for his failure to submit the initial partial filing fee).

the District's website. He also does not assert that he ever requested the complaint form from the clerk of the court.

Plaintiff also argues that his handwritten amended complaint contains the same information required by the court-approved complaint form, and thus the court should accept Plaintiff's handwritten amended complaint despite Plaintiff's failure to comply with the Local Rule that requires him to submit his amended complaint on the court-approved complaint form. Plaintiff's handwritten amended complaint, however, does not contain information that is relevant to the questions in Section VIII of the court-approved complaint form. Section VII requires information concerning Plaintiff's litigation history, including:

- Whether Plaintiff has had any case in federal court, including federal appellate court dismissed as frivolous, as malicious, for failure to state a claim, or prior to service;

- Whether Plaintiff has filed any other lawsuits or appeals in *state or federal* court dealing with the same facts or issue involved in this case; and

- Whether Plaintiff has filed any other lawsuit, habeas corpus petition, or appeal in *state or federal* court either challenging his conviction or relating to the conditions of his confinement.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964,

969 (2d Cir. 1989). Further, when a complaint form asks questions regarding a prisoner's litigation history, a plaintiff is required to include information about cases that were filed between the time he submitted his initial complaint and his amended complaint. *See Redmon v. Lake Cnty. Sherriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal of a complaint where the plaintiff failed to disclose that he filed a case between the time he filed his initial complaint and his amended complaint).

As the undersigned explained to Plaintiff, Local Rule 5.7(A) requires litigants asserting claims under 42 U.S.C. § 1983 to use the complaint "form available without charge from the Clerk or on the District's website." Furthermore, Local Rule 5.7(A) provides that the "Court need not—and ordinarily will not—consider a . . . complaint that is not filed on the proper form."

Finally, the undersigned has considered whether the statute of limitations would preclude Plaintiff from refiling this action in the near future. It would not. The statute of limitations in a section 1983 action is four years. *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). Plaintiff alleges that on February 16, 2022, Defendants

violated Plaintiff's Constitutional rights. Doc. 42 at 3. Thus, were the District Court to dismiss this action without prejudice, Plaintiff could refile this action in the near future.

### III. CONCLUSION

Because Plaintiff failed to comply with a court order and failed to comply with the Local Rules, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 1st day of September, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and**

**recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**